UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAN STOCKWELL,<br><br>                    Petitioner,<br><br>        v.<br><br>MAGGIE MILLER-STOUT,<br><br>                    Respondent. | CASE NO. 13-cv-5435-RBL-JRC<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY AND DENYING MOTION TO APPOINT COUNSEL |

The District Court has referred this 28 U.S.C. § 2254 habeas corpus petition to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4. Before the Court is petitioner's motion to withdraw as attorney and for appointment of counsel (Dkt. 32).

Because the agreement between petitioner and his attorney was for the attorney's representation of petitioner only for state proceedings, but not for pursuit of his habeas corpus petition, petitioner's motion to withdraw as attorney is granted (*see* Dkt. 32). However, the motion for the appointment of counsel for petitioner will not be granted for the reasons stated below.

ORDER GRANTING MOTION TO
WITHDRAW AS ATTORNEY AND
DENYING MOTION TO APPOINT
COUNSEL - 1

## DISCUSSION

There is no constitutional right to the appointment of counsel in a federal habeas corpus proceeding. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). If an evidentiary hearing is required, the Court may appoint counsel for a petitioner who qualifies under 18 U.S.C. § 3006(A)(g). Rule 8(c), 28 U.S.C. foll. § 2254. The Court may also appoint counsel at an earlier stage of the proceedings if the interest of justice so requires. 18 U.S.C. § 3006(A); *see also* 21 U.S.C. 848(q); 28 U.S.C. § 2254(h); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990); *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (*citing Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)).

Petitioner's petition for a writ of habeas corpus already has been filed by his attorney (*see* Dkt. 1). Thus, petitioner's claims already have been presented in some form to the Court (*see id.*). Supporting facts regarding each ground for relief are set out in an attachment to the petition (*see* Dkt. 1-1, pp. 5-8, 10-11). Although petitioner has presented multiple grounds for relief, there is not an overly large amount of factual or legal complexity presented therein (*see id.*). Similarly, respondent's answer to the petition, although lengthy, does not have an overly large amount of factual or legal complexity (*see* Dkt. 33).

## CONCLUSION

Petitioner fails to show that appointment of counsel is necessary at this time. Respondent has answered the petition, indicating that an evidentiary hearing is not necessary (Dkt. 33, pp. 10-11), and petitioner has not demonstrated a basis for an evidentiary hearing. In addition,

ORDER GRANTING MOTION TO
WITHDRAW AS ATTORNEY AND
DENYING MOTION TO APPOINT
COUNSEL - 2

petitioner has not shown that the case presents complex legal or factual issues that would require the appointment of counsel in the interests of justice.

Accordingly, although the motion for withdraw of attorney (*see* Dkt. 32) is **GRANTED**, the motion for appointment of counsel is **DENIED.** The Clerk shall send a copy of this Order to Petitioner; to counsel for Petitioner; and to counsel for Respondent.

According to petitioner's motion, petitioner, who now will be proceeding *pro se*, has the following mailing address:

Daniel Stockwell
DOC NO. 912170
T-A-38
Airway Heights Correction Center
P.O. Box 2049
Airway Heights, WA 99001-2049

Dated this 4th day of June, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION TO
WITHDRAW AS ATTORNEY AND
DENYING MOTION TO APPOINT
COUNSEL - 3